**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50401 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00021-LAB |
| v. | |
| CANDELARIO GONZALEZ-GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Candelario Gonzalez-Garcia appeals from the district court's judgment and challenges the 72-month sentence imposed upon remand following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Gonzalez-Garcia argues for the first time on appeal that the government breached the terms of the parties' plea agreement by failing to honor its promise to advocate for a minor role adjustment at sentencing. The government argues that Gonzalez-Garcia waived this claim. We decline to decide whether Gonzalez-Garcia waived his breach claim because, even if merely forfeited, Gonzalez-Garcia cannot show plain error.[1] *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). Any breach by the government did not affect Gonzalez-Garcia's substantial rights. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013). The record reflects that the district court understood the arguments in favor of a minor role adjustment, but did not find them convincing and would not have granted the reduction even if the government had argued for it more strenuously. Furthermore, the record reflects that, even if the court had been convinced to grant a minor role adjustment, it would not have imposed a lower sentence. Under these circumstances, there is no reasonable probability that the alleged breach affected the court's sentencing determination. *See id*. at 1188-89.

**AFFRIMED.**

---

[1] Though we need not decide whether the government breached the plea agreement, we do not approve of its lukewarm support for its joint recommendation for a minor role adjustment as contemplated by the plea agreement.

16-50401